IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| REGINA OWENS | |
| Plaintiff | |
| V. | NO: 4:17CV00072  SWW |
| BAPTIST HEALTH, ET AL. | |
| Defendants | |

## ORDER

Plaintiff Regina Owens ["Owens"], proceeding *pro se*, brings this employment dispute against her former employer, Baptist Health; Baptist Health employees Elizabeth Deroche ("Deroche") and Leann Marir ("Marir"); and Baptist Health administrators Harrison Deen ("Deen"), Paula Bowen ("Bowen"), Steven Webb ("Webb"), and Greg Stubblefield ("Stubblefield").  Along with the complaint, Owens filed a motion to proceed *in forma pauperis* [ECF No. 1].  After careful consideration, and for reasons that follow, the complaint is dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2), and the application to proceed *in forma pauperis* is denied.

The federal statue governing *in forma pauperis* proceedings provides that a court shall dismiss a case at any time if it determines that the action is frivolous or malicious or fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2).  Further, the Eighth Circuit has instructed that the decision of whether a complaint is frivolous or malicious precedes the decision of whether to grant *in forma pauperis* status and whether to order service of process. *See Carney v. Houston* 33 F.3d 893, 895 (8th Cir. 1994)(quoting *Gentile v. Missouri Dept. Of*

*Corrections*, 986 F.2d 214 (8th Cir. 1993)). "If the complaint is frivolous or malicious, the district court should dismiss it out of hand." *Id*. A complaint is frivolous where it lacks an arguable basis either in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325-27 (1989). A complaint lacks an arguable basis in law if the claim is based on an indisputably meritless legal theory. *Id*.

Owens alleges that she worked as a phlebotomist in the laboratory at Baptist Health Medical Center in North Little Rock. On or about December 10, 2013, Owens submitted a grievance to her supervisor, Defendant Deroche, complaining that a coworker, Defendant Marir, was making her work atmosphere nearly unbearable. Deroche assured Owens that she would address her grievance, but Deroche failed to submit Owens's grievance in accordance with Baptist Health policy. Subsequently, Marir "became more open with her contempt for [Owens], and began to write her up for contaminations . . . ."[1] Owens spoke with Deroche again, and Deroche sided with Marir. On or about July 21, 2014, Owens's employment was terminated by non-party Scott Riley. Owens alleges no facts regarding specific conduct on the part of other individuals named as defendants: Deen, Bowen, Webb, and Stubblefield.

Owens charges that she was deprived of equal protection and due process when Defendants failed to address her personnel grievance in accordance with Baptist Health policy and that Defendants allowed "all other named defendants" to retaliate against her for filing a grievance.[2] Owens submitted her complaint on a form for civil rights claims under 42 U.S.C. § 1983, and she inserted references to 42 U.S.C. §§ 1981 and 1985.

Section 1983 provides a cause of action for the deprivation of a federal constitutional or

---

[1] ECF No. 2, at 8.

[2] ECF No. 2, at 6-7.

statutory right caused by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). In this case, the named defendants are private parties, not state actors, and Owens alleges no facts indicating that they took action under color of state law. Furthermore, Owens fails to allege facts demonstrating a constitutional deprivation.

Section 1981, which reaches private action, prohibits discrimination on the basis of race in the making and enforcing of contracts.[3] *See* 42 U.S.C. § 1981(a). Here, the complaint is void of a single allegation regarding Owens's race or suggesting that the grievance she submitted to Deroche pertained to racial discrimination. Instead, Owens complains that Deroche violated her right to due process by failing to process her grievance in accordance with Baptist Health policy. She alleges: "The policy had indeed been violated, which lead to the claimed deprivation and retaliation."[4]

Section 1985 provides a civil cause of action for damages caused by conspiracies. The only provision that is potentially applicable in this case is § 1985(3), which addresses conspiracies to deprive persons of rights and privileges. For private conspiracies, a plaintiff must establish that some racial or class-based discriminatory animus motivated the deprivation. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68, 113 S.Ct. 753 (1993). Owens's pleading is void of allegations showing a conspiracy, racial or class-based

---

[3]The "making and enforcing" of contracts under § 1981 includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship. *See* 42 U.S.C. § 1981(b). Additionally, the Eighth Circuit has held that under Arkansas law, an at-will employment relationship is contractual in nature for purposes of § 1981). *See Turner v. Arkansas Ins. Dept.*, 297 F.3d 751, 756 (8th Cir. 2002).

[4]ECF. No. 2, at 9.

discriminatory intent, or the violation of a constitutional right.

In sum, Owens's claim that Defendants violated her equal protection and due process rights by failing to process her employee grievance in conformity with Baptist Health policy lacks an arguable basis in law.

IT IS THEREFORE ORDERED that pursuant to the judgment entered together with this order, this action is DISMISSED WITH PREJUDICE, pursuant to 28 U.S.C. § 1915(e)(2), and the application to proceed *in forma pauperis* [ECF No. 1] is DENIED.

IT IS SO ORDERED this 17th day of February, 2017.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE